UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON WAYNE VILLINES,<br><br>    Plaintiff,<br><br>v.<br><br>K. CLARK, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00218-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF NOS. 4, 5, & 6)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Preston Villines ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was originally filed as a two-plaintiff case, but the actions were severed on February 14, 2019. (ECF No. 4). In the order severing the cases, the Court directed Plaintiff to file an amended complaint within thirty days from the date of service of the order. (Id. at 4). Plaintiff was warned that "[f]ailure to comply with this order may result in a recommendation that the action be dismissed." (Id.).

The thirty-day period has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Plaintiff has also failed to respond to two orders regarding consent to, or declination of, magistrate judge jurisdiction. (ECF Nos. 5 & 6).

Accordingly, the Court will recommend that Plaintiff's case be dismissed, without

1

prejudice, for failure to comply with court orders and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. As described above, Plaintiff has now ignored three court orders, including an order for Plaintiff to file an amended complaint. This non-compliance is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and as described above, it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and the information in Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 2 & 3), monetary sanctions are of little use. And, given the stage of these proceedings, the

preclusion of evidence or witnesses is not available.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this case and to comply court orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **May 7, 2019**                    /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE